Stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-10523-MWF (PJWx)          **Date:** **May 4, 2020**
**Title:** Samantha Rossano v. Fashion Marketing and Merchandising Group Inc

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| --- | --- |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE [16]

     Before the Court is Defendant Fashion Marketing and Merchandising Group, Inc.'s Motion to Stay Proceedings (the "Motion"), filed on March 5, 2020. (Docket No. 16). Plaintiff Samantha Rossano filed an Opposition on March 16, 2020. (Docket No. 21). Defendant filed a Reply on March 23, 2020. (Docket No. 23).

     The Motion was noticed to be heard on April 6, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was further required by the Continuity of Operations Plan (COOP) arising from the COVID-19 emergency.

     Defendant's unopposed Request for Judicial Notice and Supplemental Request for Judicial Notice (Docket Nos. 17 and 18) are **GRANTED**.

     For the reasons discussed below, the Motion is **GRANTED**. In light of the United States Supreme Court's pending case, which is expected to rule on the scope of the TCPA, the Court will exercise its discretion and stay this matter until the Supreme Court's ruling. The Court also determines that a stay is less likely to prejudice Plaintiff in the current environment, where COOP is in effect and delays are likely.

Stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-10523-MWF (PJWx)          **Date: May 4, 2020**
**Title:**     Samantha Rossano v. Fashion Marketing and Merchandising Group Inc

## I. BACKGROUND

On December 12, 2019, Plaintiff initiated this action with her Complaint. (*See* Docket No. 1). The Complaint is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*Id.* ¶ 1). Specifically, Plaintiff alleges that Defendant, who "specializes in 'fast fashion' and operates an e-commerce platform focusing on women's wear and apparel," solicits new customers by engaging "in unsolicited telemarketing with no regard for consumers' privacy rights." (*Id.* ¶¶ 2-3). The telemarketing "consists of sending automated text messages to consumers soliciting them to purchase Defendant's goods." (*Id.* ¶ 4).

Plaintiff further alleges that Defendant has "caused thousands of text messages to be placed to the cellular telephones of Plaintiff and Class Members, causing them injuries outlined below. (*Id.* ¶ 5). Accordingly, Plaintiff "seeks injunctive relief to halt Defendant's illegal conduct," along with "statutory damages on behalf of himself and Class Members . . . and any other available legal or equitable remedies resulting from the illegal actions of Defendant." (*Id.* ¶ 6).

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

In determining whether to grant a discretionary stay, courts in this Circuit consider three factors: (1) harm the non-moving party may suffer as a result of the stay; (2) hardship the moving party may suffer if a stay is denied; and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and

Stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-10523-MWF (PJWx)**              **Date:  May 4, 2020**
**Title:**     Samantha Rossano v. Fashion Marketing and Merchandising Group Inc

questions of law which could be expected from a stay" (i.e., judicial economy). *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

Defendant argues that a stay should be issued "pending the resolution of at least two separate legal developments that could dispositive of Plaintiff's claims." (Motion at 1). First, Defendant points to the case *Barr v. Am. Assoc. of Political Consultants*, Case No. 19-631, wherein the United States Supreme Court will decide whether the TCPA provision restricting automated calls to cell phone numbers is unconstitutional and invalid in its entirety. (*Id.*). Second, Defendant points to other potential cases that could make their way to the United States Supreme Court or the Federal Communications Commission, or both. (*Id.* at 1-2).

The Court determines that all three of the *Lockyer* factors support granting a stay until the Supreme Court issues its ruling in *Barr*. As to the first factor, the Court concludes it is unlikely that Plaintiff will suffer any significant harm by such a stay. While the Court notes that the Supreme Court briefly postponed oral argument in *Barr*, it is currently set for May 6, 2020. (Opposition at 14-15). Therefore, it is virtually certain that we will have the decision by the end of the Supreme Court's term.

While Plaintiff highlights the potential prejudice she would feel in connection with a "prolonged" stay, there won't be a prolonged stay – at least arising from *Barr*. Additionally, the Court notes the current environment resulting from the COVID-19 pandemic, including but not limited to the Court's Continuity of Operations Plan (COOP), almost certainly means that there will necessarily be some delay even apart from *Barr*.

As to the second factor, the Court determines that Defendant, in contrast, potentially faces real harm. Specifically, Defendant could be forced to litigate a case that the Supreme Court's decision will make meritless. That is because the Supreme Court's decision in *Barr* could be dispositive for this case. *See, e.g.*, *Nakai v. Charter Commc'ns, Inc.*, Case No. CV 19-8035-GW-SSx, Docket No. 42 at 8 (C.D. Cal. Apr. 15, 2020) (determining that even "guidance generally in this area" of the automated-call restriction justified a stay).

Stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-10523-MWF (PJWx)          **Date:** **May 4, 2020**
**Title:** Samantha Rossano v. Fashion Marketing and Merchandising Group Inc

While Plaintiff is correct that some courts have declined to issue a stay in similar circumstances, the Court sides with those cases in which courts addressed this exact question and granted a stay. *See, e.g.*, *Nakai*, Case No. CV 19-8035-GW-SSx, Docket No. 42 at 8 (granting stay pending *Barr*); *Seefeldt v. Entm't Consulting Int'l, LLC*, Case No. 4:19-cv-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020) (same); *Wright v. Exp Realty, LLC*, Case No. 6:18-cv-01851-PGB-EJK, Docket No. 99 (M.D. Fla. Feb. 7, 2020) (same); *Strange v. Detroit Trading Servs., LLC*, Case No. 4:18-cv-13238-LVP-RSW, Docket No. 24 (E.D. Mich. Feb. 13, 2020) (same); *Lacy v. Comcast Cable Communications, LLC*, Case No. 3:19-cv-05007-RBL, 2020 WL 2041755 (W.D. Wa. Apr. 28, 2020) (same).

Finally, there is no question that the third factor supports granting a stay. The Supreme Court is likely to rule in a way that will provide clarity and have an impact here, either by invalidating the challenged provision in the TCPA or confirming which circuit's test is appropriate. Plaintiff's main argument – that many courts have determined that the challenged provision in the TCPA is severable – is not persuasive. (Opposition at 5-8). Plaintiff may ultimately be correct regarding how the Supreme Court rules in *Barr*; it makes little sense, however, to proceed with this action until the Supreme Court speaks on this issue. *See Nakai*, Case No. CV 19-8035-GW-SSx, Docket No. 42 at 8 ("The possibility that the automated-call restriction will be invalidated (or at least explained further) warrants a brief stay here that will promote judicial economy.").

Besides *Barr*, Defendant's other cited cases that may someday, somehow, effect this action are too flimsy a basis on which to base a stay.

### III. **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED** and this action is **STAYED**. The parties are **ORDERED** to file a joint status report following the Supreme Court's ruling in *Barr* within ***one week*** of the ruling.

IT IS SO ORDERED.